COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


JOSEPH E. FINLEY, JR.

                                    MEMORANDUM OPINION[*] BY
v.         Record No. 3060-97-2     JUDGE JERE M. H. WILLIS, JR.
                                          OCTOBER 6, 1998
SHIRLEY J. TRAVIS

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    John F. Daffron, Jr., Judge

            S. Keith Barker (S. Keith Barker, P.C., on
            brief), for appellant.

            No brief or argument for appellee.


     The trial court was confronted with unrefuted evidence that the child's mother and her current husband have espoused radical social and political philosophies, that they have stated their repudiation of the social, political and legal values of the United States, that they have endeavored through the course of this litigation to frustrate the continuation of a plainly wholesome relationship of the child with her natural father, that they sought to remove the child to Ghana, a nation that is not a signatory to the international agreements that would permit continued jurisdiction over the child by the trial court and a nation that cannot provide the medical, health, and educational facilities or general security that would be afforded the child in this country, that employment information given by the mother

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

and her present husband to the trial court was false, and that the mother and her present husband could provide the trial court with no credible information concerning their employment or residential prospects, or the child's educational prospects, in Ghana. The trial court was confronted with evidence that the child has, in the Commonwealth, not only her father, but a large number of family members, who occupy responsible and respected positions in their communities, a family that would cooperate to afford the child a wholesome and desirable context in which to live and thrive.

Notwithstanding the foregoing plain and convincing evidence, the trial court ruled that the child's best interests would be served by her continued custody with her mother, her continued cohabitation with her half-siblings, and by the cultural experience of living in Ghana and authorized her removal to Ghana. We hold this ruling to be an abuse of discretion. It permits the removal of the child to a country that does not recognize the continuing jurisdiction of the courts of this Commonwealth and nation. See Johnson v. Johnson, 26 Va. App. 135, 150-51, 493 S.E.2d 668, 675 (1997). It removes the child from the wholesome context of her life and family in the Commonwealth. See Bostick v. Bostick-Bennett, 23 Va. App. 527, 534, 478 S.E.2d 319, 322 (1996). It exposes her to the hazards of an unstable social, political and economic environment and to an inferior educational and medical environment.

The trial court recognized the questionability of its ruling.  For that reason, it forbade the removal of the child from its jurisdiction pending appeal and took the additional precaution of requiring that the child's passport be lodged in its clerk's office.  In defiance of the staying provision of the ruling, the mother and her husband fraudulently removed the child to Ghana.  The staying provision was central to the trial court's ruling and was an indispensable element of that ruling.  By violating and defeating that provision, the mother has rendered the ruling a practical nullity.

Because we hold the trial court's ruling to be an abuse of discretion and because we find that the mother's misconduct has nullified the practical efficacy of that ruling, we reverse the judgment of the trial court and remand this case for further proceedings.

<u>Reversed and remanded.</u>